IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 11** |
| WYKA, L.L.C. ) | |
| ) | **Case No. 11 B 21374** |
| **Debtor** ) | |
| ) | **Hon. Jacqueline P. Cox** |
| ) | |

## NOTICE OF MOTION

    PLEASE TAKE NOTICE that on Wednesday, July 17th, 2013 at the hour of 9:30 a.m., I shall appear before the Honorable Jacqueline P. Cox, or any judge sitting in his stead, in Courtroom 680 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present **FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR,** which is attached.

                                          Respectfully submitted,

                                          /s/Richard N. Golding
                                          Richard N. Golding
                                          Attorney for the Reorganized Debtor

Richard N. Golding, Esq. (ARDC# 0992100)
Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel:  (312) 832-7885
Fax:  (312) 755-5720
Email: rgolding@goldinglaw.net

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) |
| COUNTY OF COOK | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the Debtor's Application to Employ Counsel with attached proposed order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system on this 28th day of May 2013, by electronic notification via the ECF system to the United States Trustee and to registered parties and by mailing postage pre-paid with the U. S. Post Office at 500 N. Dearborn Street, Chicago, IL 60654 and facsimile where indicated to parties on the attached notice list:

                                          /s/Richard N. Golding

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| Wyka, L.L.C., | ) | Case No.  11 B 21374 |
| Debtor | ) | |
| | ) | Judge: Jacqueline P. Cox |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR**

NOW COMES Richard N. Golding and Jonathan D. Golding of the Golding Law Offices, P.C., ("GLO") attorneys for the Debtor, and make Application for compensation for fees for services rendered and costs incurred for the period commencing prior to the filing, but for the sole purpose of creating the filing, through a Modified Plan Confirmation on October 17, 2012. In support thereof, GLO respectfully states as follows:

**I.     INTRODUCTION**

1. GLO presents this Application pursuant to §§330 and 331 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Bankruptcy Rule 2016 for professional services rendered by it to the Debtor and its estate. This is the first fee petition filed by Debtor's counsel is neither an amendment nor supplement to any previous fee application.

2. This case was commenced by a filing for relief pursuant to Chapter 11 of the Bankruptcy Code on May 19, 2011.

3. An order authorizing the employment of GLO was entered on June 29, 2012 covering services from the case commencement.

**II.     REQUEST FOR ALLOWANCE OF COMPENSATION**

4. All of the professional services for which allowance of compensation is requested were performed by GLO on behalf of the Debtor and its estate. The Application covers the

2

allowance of compensation for professional services commencing form the time the Debtor's officers and directors determined that it was in the best interest of the Debtor and its estate to commence a chapter 11 proceeding. During the period covered by this Application, GLO rendered a total of 358.21 hours of professional services in furtherance thereof. The time expended by the attorneys as covered in the Retention Motion is as follows:

| Name of Professional | Type of Professional | Hours billed |
|---|---|---|
| Richard N. Golding | attorney | 177.50 |
| Jonathan D. Golding | attorney | 181.55 |
|  |  |  |

A complete accounting of the foregoing time is provided in Exhibit A.

4.  GLO believes that the requested fee of $120,038.77 for the 359.05 hours worked (inclusive of pre-petition counseling in the sum of 23.90 hours and post-confirmation counseling in the sum of 6.50 hours) is reasonable considering the twelve factors set forth and enumerated in Johnson v. Georgia highway Express, Inc., 488 F.2nd 714 (5th Cir 1974) and made applicable to bankruptcy proceedings by In re First Colonial Corp .of America, 544 F.2wnd 1291 (5th Cir. 1977).

### III.    .REQUEST FOR REIMBURSEMENT OF EXPENSES

5.  The actual expenses advanced by GLO on behalf of the Debtor total $1039 for the filing of the voluntary petition, Docket #1. This expense was paid separately by the Debtor prior to the filing of the petition.

## IV.    RETAINER RECEIVED AND COMPENSATION PREVIOUSLY PAID OR AWARDED

6.    This is the first Application for compensation filed by the applicants herein. The Debtor received an advanced retainer of $20,000.00 of which approximately $7,732.50 was expended on pre-petition research, conferences, communications, and preparation for filing of the chapter 11 case. The balance of the retainer is held in Applicant's Client Trust Funds and the Applicant has received no other funds from the Debtor for fees or expenses during the pendency of this case, except a check in reimbursement of the Chapter 11 filing fees.

## V.    BILLING RATES OF APPLICANTS

7.    Counsel for the Debtor has been Richard N. Golding and Jonathan D. Golding and Richard N. Golding is the primary or supervising attorney on the case. The standard rates charged by GLO in similar matters which do not carry any special degree of complication or considering the size, economic value and responsibility, difficulty or complexity are as follows:

| Name of Professional | Type of Professional | Rate |
| --- | --- | --- |
| Richard N. Golding | attorney | $395.00 |
| Jonathan D. Golding | attorney | $275.00 |

8.    The value of the professional services rendered in this case based upon the rates set forth above is $120,038.77.

9.    The rates charged by applicant are similar to or lower than rates charged by bankruptcy attorneys of similar skills, reputation and experience. The fees charged herein are similar to or lesser that those charged by GLO to its private clients not in bankruptcy. Although GLO's normal hourly rates have increased in the years following its retention it does not seek any increase in that rate since the filing of its Retention Motion.

4

10. The rates charged by the Applicants herein are similar to or lesser than, but well within the range of attorneys possessing similar skills, reputation and experience in area of bankruptcy and commercial law.

## VI.    SUMMARY OF SERVICES

11. During the time period covered by this application, the nature of the services performed which were necessary, proper and for the benefit of Debtor's estate, are summarized as follows:

a. The Debtor's financial problems were largely initiated by its purchase of a second multi-colored press from Mitsubishi for its general use. The equipment became the subject of a legal dispute. The cost of the legal dispute coupled with the failure of the equipment to function in accordance with the Debtor's expectations resulted in inefficiencies and the loss of prospective business resulting in a loss of working capital.  This confluence of problems created a real, if not temporary, ability for the debtor to meet its financial obligations as they matured.

b. GLO prepared and filed all of the Debtor's bankruptcy schedules, statement of affairs and other related documents at the commencement of the case after thoroughly counseling with the Debtor's principals.

c. GLO prepared, filed and presented motions  to employ counsel, and numerous "first day motions" necessary to preserve the continuity of the Debtor's business operation, along with motions to use cash collateral, which led to the ultimate ongoing disputes with People's Capital and the value of the Debtor's press financed by it.

d. GLO attended the Debtor's Initial Debtor Interview and the §341 meetings and provided requisite data and information in accordance therewith.

e. GLO continually negotiated to reorganize the Debtor's secured debt with People's Capital and Mitsubishi Financial. A resolution of the Mitsubishi dispute resulted in allowing

them to repossess the unwanted press and a negotiated reduction of the Mitsubishi's allowed unsecured claim in an amount favorable to the Debtor's ultimate reorganization.

    f.    The Use of Cash Collateral with the Debtor's principal lender was negotiated upon most favorable terms to the Debtor and further cleared the path to the filing and confirmation of a Plan by the Debtor.

    g.    The largest obstacle to reorganization was finding a peaceful resolution with regard to the Debtor's dispute with people's Capital and the reworking of both its terms of repayment on People's Capital collateral and reducing the balance to more closely align with the disputed valuation of the collateral. After engaging in contentious litigation and an adversary complaint and numerous disputed motions between the parties, depositions and several days of trial testimony, the parties reached an accord, the result of which was the confirmation of the Debtor's Amended Plan of Reorganization and the avoidance of a plan cram down proceeding as to other claims, all of which disputes were resolved by negotiations by GLO with said parties.

    h.    GLO consulted with the debtor regarding its internal operations and met with and often consulted with the Debtor's principals with regard to its general business operations and consultation regarding the replacement of the Debtor's second press which was crucial to its business success and ability to confirm its Plan.

    i.    GLO reviewed and consulted with the Debtor with regard to executory contracts to which the Debtor was a party.

    12.    The above list is not intended to be a complete and exhaustive recitation of the services rendered but is intended only as a general summary.

### VII.   CASE PROJECT SUMMARY

    13.    GLO has recorded the time it has expended in 6 separate category matters based as best it can be (noting that on occasion lines are blurred and an activity may encompass a

6

crossover of several matters) on the type of services rendered. They are: (1) Pre-Petition Matters; (2) Chapter 11 Matters or general Matters; (3) People's Capital Matters; (4) Plan and Confirmation Matters; and (6) Post-confirmation matters. The number of hours spent on each is set forth below and the details can be found in Exhibit "A".

14. The breakdown is as follows:

| Attorney | Pre-petition | General Matters | People's Capital Matter Issues | Plan & Disclosure | Post-confirmation | Total |
|---|---|---|---|---|---|---|
| Richard N. Golding | 9.67 | 90.42 | 70.58 | 1.67 | 5.17 | 177.50 |
| Jonathan D. Golding | 14.23 | 76.95 | 66.42 | 22.62 | 1.33 | 181.55 |
| Total | 23.90 | 167.37 | 137.00 | 24.29 | 6.50 | 359.05 |

15. The services rendered above were always delivered in a professional and skillful manner. GLO was engaged every aspect of attempting to create a sustainable path reorganizing this family owned business so as to pay the governmental claims and preserve the jobs of its many employees.

16. GLO believes that the compensation requested is commensurate with similar cases containing similar complexity and should be measured accordingly and is in equivalent or lesser than services rendered in this or similar bankruptcy cases in this community.

## CASE RESULTS

17. The Debtor was either insolvent or imminently insolvent as analyzed by GLO at the time they were introduced to the case. The Debtor was engaged in a much contested arbitration proceeding with Mitsubishi Finance relating to a press that it complained never worked properly for the purposes which they intended. The arbitration was intense and extremely expensive and at the end of that proceeding the Debtor was concerned that win or lose, it might be left with a machine that didn't work for its business. In addition and partially as a result of the time and expense arising out of the arbitration proceeding, the Debtor became generally

7

delinquent in the payment of its obligations which constricted its opportunities to grow its business.

18. GLO with the help of the Debtor's principals was able to craft a Plan which was agreeable to its secured and executory lease creditors, its general unsecured creditors and it priority creditors.

19. A Modified Plan was filed and after successful negotiations undertaken by GLO and the Debtor's principals, resulted in the parties arriving at an agreeable and feasible Modified Plan which was confirmed on October 17, 2012. GLO continued to render post confirmation legal services related to Plan implementation and other services related to the leasing of a new second multi colored printing press.

**WHEREFOR,** GLO prays for the allowance of payment in the sum of $120,038.77 in fees for professional services provided and for reimbursement of expenses in the amount of $0.00 for services rendered through confirmation and for such other relief as the Court deems just and appropriate.

                                                Respectfully submitted,

                                           /s/Richard N. Golding
                                            One of the attorneys for the
                                            Reorganized Debtor

Richard N. Golding, Esq. (0992100)
Jonathan D. Golding, Esq. (6299876)
The Golding Law Offices, P.C.
500 N Dearborn Street, 2nd FL
Chicago, IL 60654
Tel: (312) 832-7885
Fax: (312) 755-5720
Email: rgolding@goldinglaw.net