IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| WYKA, L.L.C. ) | |
| ) | Case No. 11-21374 |
| Debtor ) | |
| ) | Hon. Jacqueline P. Cox |
| ) | |

## NOTICE OF MOTION

    PLEASE TAKE NOTICE that on Wednesday, July 17, 2013, at the hour of 9:30 a.m., I shall appear before the Honorable Jacqueline Cox, or any judge sitting in her stead, in Courtroom 680 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE, which is attached.

                                          Respectfully submitted,

                                          /s/Richard N. Golding
                                          Richard N. Golding
                                          Attorney for the Debtor

Richard N. Golding, Esq. (ARDC# 0992100)
Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7885
Fax: (312) 755-5720
Email: rgolding@goldinglaw.net

STATE OF ILLINOIS      )
                             )
COUNTY OF COOK      )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the Reorganized Debtor's Motion For Final Decree Closing Case with attached proposed order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system on this 28th day of May, 2013, to registered parties by ECF and by mailing postage pre-paid with the U. S. Post Office at 500 N. Dearborn Street, Chicago, IL 60654 to parties on the attached service list.

                                          /s/Richard N. Golding

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 11** |
| WYKA, L.L.C. | ) | |
| | ) | **Case No. 11-21374** |
| **Debtor** | ) | |
| | ) | **Hon. Jacqueline P. Cox** |
| | ) | |

### REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A
### FINAL DECREE CLOSING CASE

Reorganized debtor Wyka LLC (the "*Reorganized Debtor*"), by and through its undersigned counsel, hereby moves this Court (this "*Motion*") for entry of a final decree, substantially the form attached hereto (the "*Proposed Final Decree*"). In support of this Motion, the Reorganized Debtor respectfully states as follows:

#### Jurisdiction

*1.*     The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

*2.*     Venue in this Court is proper under 28 U.S.C. § 1408.

*3.*     The statutory bases for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the *"Bankruptcy Code"),* Rule 3022 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"),* and Rule 3022-1 of the Local Bankruptcy Rules of this Court (the *"Local Rules").*

2

Background

I. The Chapter 11 Case and Confirmation of the Plan

*4.* On May 19, 2011 (the *"Petition Date")*, the Debtor filed its Chapter 11 proceeding as a voluntary petition for relief under Chapter 11 of the Code. The Debtor continued operating its business and managing its financial affairs as Debtor in Possession pursuant to §§1101 and 1102 of the Code throughout this Chapter 11 case. No trustee has been appointed, nor has any examiner. Neither has a committee of unsecured creditors been formed. The case has been monitored by the Office of the United States Trustee.

*5.* On October 17, 2012, the Court entered an order [Docket No. 215] (the *"Confirmation Order")* that, among other things, confirmed the *Modified Plan of Reorganization* [Docket No. 213] (the *"Plan").[1]* In accordance with the terms of the Plan, the it became effective on November 1, 2012 (the *"Effective Date"),* and the Reorganized Debtor caused notice of the occurrence of the Effective Date to be served on all creditors and parties in interest in this chapter 11 case.

II. Status of the Chapter 11 Case

*6.* Since the Effective Date, the Reorganized Debtor has worked diligently to implement the Plan and conclude this chapter 11 case. The following provides the status of the chapter 11 case and distributions under the Plan.

*7.* *Implementation of the Plan.* On the Effective Date, among other things, all

---

[1] Capitalized terms used as defined terms herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

3

property of the chapter 11 estate vested in the Reorganized Debtor pursuant to the Plan. The Reorganized Debtor has emerged from chapter 11 protection and has continue to operate its business and manage its property in the ordinary course.

8. *Administrative Claims, Priority Tax Claims, and U.S. Trustee Statutory Fees.* The Reorganized Debtor has paid, and continues to pay, all Administrative Claims and the U.S. Trustee's fees as and when those amounts come due.

9. *Cure Claims.* The Reorganized Debtor had no cure claim obligations.

10. *Class 1 Secured Claim of First Midwest Bank.* The Reorganized Debtor has made all payments due and owing under the Plan on this claim, and will continue to make all payments as they come due.

11. *Class 2 Secured Claim of People's Capital & Leasing Corp..* The Reorganized Debtor has made all payments due and owing under the Plan on this claim, and will continue to make all payments as they come due.

12. *Class 3 Secured Claim of FujiFilm NA.* The Reorganized Debtor has made all payments due and owing under the Plan on this claim, and will continue to make all payments as they come due.

13. *Class 4 General Unsecured Claims.* At the time of hearing on this Motion, the Reorganized Debtor will have made the first two quarterly payments to General Unsecured Creditors, which are the only payments yet due and owing under the Plan, and will continue to make all payments as they come due.

*16.*     *Class 5 Equity Claims.* Pursuant to the Plan, Class 7 Equity Interests are not entitled to a distribution. The Equity Interests have paid in the required $10,000.00 in new value.

Relief Requested

*15.*     By this Motion, the Reorganized Debtor respectfully requests that this Court issue a final decree substantially in the form of the Proposed Final Decree closing this chapter 11 case pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

Basis for Relief

I.     Standard for Closing a Chapter **11** Case

*16*.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 V.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

*17*.     The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Ru1e3022,however, set forth the following non-exclusive list of factors to be considered to determine whether a case has been fully administered: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been transferred; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (e) whether payments under

5

the plan have commenced; and (f) whether all motions, contested matters and adversary proceedings have been finally resolved.

18.     These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that open related adversary proceedings, for example, should not be enough to prevent closure of a bankruptcy case. *See, e.g., In re IMP-Newcor Inter 'I, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (Barliant, J.) (where the only matters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland,* 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (if an estate is otherwise fully administered, one adversary proceeding should not delay closing case); *In re Union Home & Indus., Inc.,* 375 B.R. 912, 918 (l0th Cir. BAP 2007) (same). Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor Inter 'I,* 225 B.R. at 465; *Jay Bee Enters.,* 207 B.R. 536,538 (Bankr. E.D. Ky. 1997).

II.     It Is Appropriate to Close the Chapter **11** Case.

19.     The Reorganized Debtor's estate has been fully administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the chapter 11 case. The confirmation order became final and non-appealable on or about April 19, 2013. Moreover, the Modified Plan has been substantially consummated: (a) the Reorganized Debtors have received the property to which they are entitled under the Plan; (b) the Reorganized Debtors have assumed the business and management of that property; and (c) the Reorganized Debtors have made the other distributions called for under the Plan.

6

20.     Moreover, leaving the chapter 11 case open will cause the Reorganized Debtors to incur substantial quarterly U.S. Trustee fees. *See* 28 U.S.C. § 1930. If the chapter 11 case is not closed, the Reorganized Debtor will be required to continue paying quarterly fees to keep the case open. These quarterly fees are a significant burden upon the Reorganized Debtor and (given the status of the chapter 11 case) are an inefficient use of resources. Accordingly, there is ample justification for entry of a final decree closing the chapter **11** case at this time.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter a final decree substantially in the form of the Proposed Final Decree (a) closing this chapter 11 case and (b) granting such other and further relief as this Court deems appropriate.

Dated: June 25, 2013.

Respectfully submitted,

By: /s/ Richard N. Golding
Richard N. Golding
Attorney for Wyka LLC

Richard N. Golding (ARDC 992100)
The Golding Law Offices, P.C.
500 N. Dearborn Street, 2nd FL
Chicago, IL 60610
T: (312) 832-7885
F: (312) 755-5720