IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| WYKA, L.L.C. ) | |
| ) | Case No. 11 B 21374 |
| Debtor ) | |
| ) | Hon. Jacqueline P. Cox |
| ) | |

**AMENDED FIRST AND FINAL FEE PETITION**

I. INTRODUCTION

1. This Amended Fee Petition corrects several errors contained in the original; namely a data entry error which reduces the fee request in an amount in excess of $10,000.00 and other data entries which have no impact upon the amount sought but is explained herein for the benefit of the Court and the Debtor. There are other points raised by the principal of the Debtor which have no basis in fact and are also addressed herein. Neither any creditor nor the U.S. Trustee has filed any nor raised any objections to the fee petition previously filed herein.

II. DATA ENTRIES MODIFIED OR CORRECTED

2. The entry entered in the Original Fee Petition on July 19, 2011, Chapter 11 was incorrectly entered as 30:00 (thirty hours and no minutes) and should have been entered as 00:30 (thirty minutes only) and has been corrected and the amount requested now reflects that adjustment. This reduced the time spent by Richard Golding on general Chapter 11 matters by twenty-nine and a half hours.

3. The entry of November 19, 2012 for Post-Petition services in drafting, negotiating, and redrafting the equipment lease was not otherwise billed for post-petition work on the lease which was separately billed to the debtor. This work was not part of the services necessary to

1

post –confirmation bankruptcy services and should have been contained in the non-bankruptcy post-petition statement billed to the debtor. <u>This entry does not represent a double billing of any sort</u>. Since it should have been billed directly and has not been, this entry has been removed from the Amended Fee Petition.

### III. CLAIM OF DUPLICATION OF BILLING FOR SERVICES

4. There has been no duplication of billing for services. The principal of the Debtor made a representation to the Court that the Fee Petition reflects charges for services billed directly to the reorganized debtor. That is simply untrue and unfounded. We attach the billing so that the Court can observe that there is no such duplication. Attached hereto and made a part hereof is a copy of said invoice date December 6, 2012 as Exhibit A and shows clearly that there has been no double billing of services.

5. As counsel to the Debtor we were called upon during the Chapter 11 proceeding to structure a transaction related to the purchase of equipment made through a financial accommodation by one of the Debtor's customers. The transaction was structured as the creation of a capital lease and option to purchase. After protracted and difficult negotiations and an unfortunate lapse of time created by the lessor, the ability to purchase the targeted equipment terminated.

6. Another opportunity to purchase other equipment did not arise until post-petition and the work of agreeing to the terms of the lease was recommenced and further negotiations took place. As previously stated, that work was billed to the reorganized Debtor and paid for by it. However, none of that work resulted in a duplication of billing for services, as evidenced by the invoice for those services and the original Fee Petition and the Amended Fee Petition.

IV.    CORRECTION OF TIME ENTRIES IN DESCRIPTION OF SERVICES

7.    Some of the entries in regard to the division of time on entries by RNG were incorrectly notated, but the values were correct. For example, where thirty minutes were expended on a task, this was indicated by the notation ".30" where the correct notation would have been ":30". This created confusion in reading the invoice because the hour and minute entries in the database were converted to hundredths of an hour for purposes of calculating fees. Thus a day showing three tasks with the following notation: "Task A (.30); Task B (.20); Task C (.25)" appears to total 0.75 hours, or forty-five minutes. The correct notation would have been: "Task A (:30); Task B (:20); Task C (:25)" for a total of one hour and fifteen minutes, which would appear correctly on the invoice as 1.25 hours. Other than the entry described in Paragraph 2 above, the total time spent was and is correct in each entry, only the special notation by task for clarification purposes, which is not part of the actual calculation of time and fees, was incorrectly notated. That has been corrected, but all daily entries and charges have been correctly calculated as to time and values.

V.    ADDITIONAL FEES INCURRED

8.    Subsequent to the filing of the Original Feel Petition, on June 25, 2013, Jonathan Golding spent one hour and forty-four minutes preparing and filing the Motion for Final Decree and discussing it with the Debtor. This resulted in an additional $476.67 in post-confirmation time billed to the Debtor.

VI.    DEBTOR'S REQUEST TO ADJUST AND REDUCE FEE REQUEST

9.    The Movants attach a revised statement for professional fees as Exhibit "B" which is attached hereto and a made a part hereof. Movants sees no legal grounds or moral reason to reduce their request for fees as all-time has been properly accounted for and the Debtor has

received the benefit of the services performed and required from it counsel pursuant to the Order authorizing their retention.

10. However, and solely in an attempt to help the reorganized debtor continue on its present path to prosperity, Movants will agree, subject to the allowance of the fees as requested, to reduce the amount requested herein by ten percent (10%) so that the amended amount sought is now $97,324.90

WHEREFORE, RICHARD N. GOLDING, JONATHAN D. GOLDING OF THE GOLDING LAW OFFICES, P.C., respectfully requests this Court enter an Order approving the allowance of the fees sought in this Amended Fee Petition in the sum of $108,138.77 which movant agrees to then voluntarily reduce the award to $97,324.90.

                Respectfully submitted,

                /r/ Richard N. Golding
                Richard N. Golding for Movant

Richard N. Golding, Esq. (ARDC# 0992100)
Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7885
Fax: (312) 755-5720
Email: rgolding@goldinglaw.net